ENTERED
FILED
AUG 25 2026
CLERK, U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

Susan Forman
12600 Tribunal Lane
Potomac, MD 20854
(301) 466-0228

Jacob Weinberger, US Courthouse
325 West F Street
Ssan Diego, CA. 92101-6991

August 21, 2026

To Whom It May Concern,

I am writing to provide Jasmine Forman's updated mailing address - case number: 25-00661-JBM7. I am Jasmine's durable power of attorney and although Jasmine continues to reside at 17 Skysail Dr, Rancho Mirage, California, her mail is being forwarded to my home address at: 12600 Tribunal Lane, Potomac, MD, 20854. I have been helping her manage her affairs for a few years now. Thank you for attention to this matter and please don't hesitate to reach out for any questions.

**Old mailing address:**
Jasmine L. Forman
17 Skysail Drive
Rancho Mirage, CA 92270

**New mailing address:**
Jasmine L. Forman
12600 Tribunal Lane
Potomac, MD 20854

Kindest regards,
Susan Forman

SUN-72704 0974-3 309A 25-00661
Aaron E. De Leest
870 Roosevelt
92620
Irvine, CA 92620

* → Bankrp. Ct.
325 West F Street
San Dieg. CA
92101

014062 0.702000 92270 0 0 10813-1-14062

Jasmine Forman
17 Sky Sail
Rancho Mirage, CA 92270-3464

# ATTENTION: ADDRESS CORRECTION REQUESTED

If you are receiving this notice, U.S. Postal Service records indicate that the address that the *debtor* listed is subject to a forwarding order. Forwarding orders are only good for a limited time.

| IF YOU ARE THE INTENDED NOTICE RECIPIENT, | IF YOU ARE THE DEBTOR/DEBTOR'S COUNSEL |
| --- | --- |
| Update your address immediately with the Bankruptcy Court identified on the notice pursuant to the Court's local procedures. | 1. Find an updated address and send the attached document to that address.<br>2. Update the address with the Bankruptcy Court pursuant to the Court's local procedures. |

RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO

Levitch Stanley LLP
10940 Wilshire Boulevard
Suite 1220
Los Angeles, California 90024-3936

Attention: Burt Levitch

____________SPACE ABOVE THIS LINE FOR RECORDER'S USE____________

# DURABLE POWER OF ATTORNEY

BY THIS POWER OF ATTORNEY, the undersigned, JASMINE FORMAN ("Principal"), a resident of Riverside County, California, hereby constitutes and appoints SUSAN FORMAN as her true and lawful attorney-in-fact ("Agent") to act for her in her name as authorized in this Power of Attorney.

## ARTICLE 1
## EFFECTIVE DATE

By signing this document, the Principal intends to create a durable Power of Attorney. This Power of Attorney shall be effective immediately and shall remain in full force and effect until revoked by the Principal in writing or terminated as provided below. This durable Power of Attorney shall not be affected by the Principal's subsequent disability or incapacity. This durable Power of Attorney is intended to supersede any existing power of attorney that the Principal has executed.

## ARTICLE 2
## SUCCESSOR AGENT

2.1 **Designation of Successor Agent.** If for any reason SUSAN FORMAN is or becomes unable or unwilling to serve as the Principal's Agent under this Power of Attorney, or is unavailable to act as the Principal's Agent, or if the Principal revokes the Principal's Agent's appointment or authority to act as the Principal's Agent under this Power of Attorney, then the Principal designates THEA LINDSAY to serve as the Principal's Agent as authorized under this Power of Attorney. All provisions in this Power of Attorney applicable to the initial Agent shall likewise be applicable to each successor Agent.

**2.2 Withdrawal or Resignation of the Principal's Agent.** The Agent may withdraw or resign as the Agent at any time by giving written notice to the Principal. If at the time an Agent wishes to withdraw or resign, he or she is the Principal's sole Agent and the Principal is unable for any reason to appoint a successor Agent and no Agent is designated under Section 2.1, in such event, prior to his or her withdrawal or resignation, the Agent shall appoint his or her successor to serve under this Power of Attorney, and his or her withdrawal or resignation shall be effective upon his or her obtaining the written acceptance of the successor Agent. In such case, a resignation signed by the Agent and a document signed by him or her appointing or designating his or her successor shall be attached to this Power of Attorney. Third parties who deal with the successor Agent shall be entitled to rely on the original Power of Attorney instrument with any such document attached.

## ARTICLE 3
## REVOCATION AND AMENDMENTS

The Principal reserves the right to amend or revoke this Power of Attorney at any time while she is not incapacitated by giving written notice to the Agent.

## ARTICLE 4
## AUTHORITY OF AGENT

Except as expressly limited in this Power of Attorney, the Principal hereby grants to her Agent, acting directly for her or on her behalf, the full power and authority to act for her and in her name, in any lawful way that the Principal herself could act if she were personally present. The Principal's Agent shall have the power and authority to do, execute, and perform each and every act, deed, matter, or thing, that in her best judgment ought to be done, executed, or performed in conjunction with this Power of Attorney, of every kind and nature as fully and effectively as if the Principal were personally present. The enumeration of specific items, acts, rights, or powers in this Power of Attorney does not limit or restrict the powers or authority of the Agent, and is not to be construed or interpreted as limiting or restricting the general powers granted to the Agent, except where such powers are expressly restricted. In exercising the authority granted under this Power of Attorney, the powers of the Agent shall include, but shall not be limited to, the powers set forth in ARTICLE 5.

## ARTICLE 5
## POWERS OF AGENT

The Agent shall have the following powers, to be exercised in her discretion on the Principal's behalf. These powers shall not supersede or replace those powers delegated to the trustees of any living trust by the Principal.

**5.1 Dealing with Real and Personal Property.**

(a) The Agent shall have the power to enter into agreements or transactions (1) to acquire or accept, by gift or purchase, any interest in real or personal property, on the Principal's behalf; (2) to sell, transfer, exchange, convey, or dispose of any interest in real or personal property, for cash or on credit, at public or private sale; (3) to lease real or personal property on the Principal's behalf, as either lessor or lessee, for any duration; and (4) to mortgage, deed in trust, pledge, or otherwise encumber property on the Principal's behalf.

(b) The Agent shall have the power to deal with banks and other financial institutions on the Principal's behalf, including the power to establish, continue, modify, and terminate an account or other banking arrangement made with a bank, trust company, savings and loan association, credit union, thrift company, brokerage firm, or other financial institution.

(c) In dealing with securities owned by the Principal, the Agent shall have the authority to direct the purchase, sale, investment, reinvestment, or exchange, of all stocks, bonds, mutual funds, debentures, warrants, partnership interests, rights, and all other types of securities and financial instruments owned by the Principal. The Agent shall also have the authority to exercise all voting rights with respect to securities owned by the Principal, and to enter into voting trusts on her behalf.

(d) The Agent shall have the power to enter into any agreement for the management, development, reorganization, improvement, exchange, partition, or abandonment of any interest in real or personal property, including businesses or entities in which the Principal owns an interest, and to change the character of ownership or manner of holding title of any interest in property owned by the Principal.

(e) The Agent shall have the power to take such actions as may be necessary to protect or preserve any interest in real or personal property, including (1) insuring the property against a casualty, liability, or loss; (2) obtaining or regaining possession of the Principal's property, by litigation or otherwise; and (3) paying, compromising, or contesting claims, including taxes or assessments. The Agent shall have the authorization to receive confidential medical information necessary to allow the evaluation

of the merits of a settlement demand or compromise offer and to authorize the disclosure of medical information in connection with a demand for settlement or compromise on my behalf of any issue arising from the asserted professional negligence of a medical provider or therapist.

(f) The Agent shall have the power to represent the Principal in dealing with all governmental agencies, and to prepare, execute, and file on her behalf with any governmental agency, any record, report, or other document, that the Agent considers desirable to safeguard or promote the Principal's interests.

**5.2 Dealing with Tax Matters.**

(a) The Agent shall have the power to act for the Principal in all tax matters for all periods before the Internal Revenue Service and any other taxing authority. Incidental to such power, the Agent shall have the power to cause the payment of taxes, assessments, and other government imposed obligations.

(b) The Agent shall have the power (1) to cause the preparation and filing of all income and other state and federal tax returns that the Principal is or may be required to file; (2) to sign the Principal's name on tax returns, including without limitation Forms IRS 1040 and FTB 540; (3) to hire preparers and advisors and pay them for their services; and to do whatever is necessary to protect the Principal's assets from assessments for income taxes and other taxes for all years. The Agent is specifically authorized to receive confidential information, to receive checks in payment of any refund of taxes, penalties, or interest; to execute waivers (including offers of waivers) of restrictions on assessment or collection of tax deficiencies and waivers of notice of disallowance of claims for credit or refund; to execute consents extending the statutory period for assessment or collection of taxes; to execute closing agreements under Internal Revenue Code Section 7121; and to delegate authority or substitute another representative with respect to all of the above matters.

**5.3 Estate Planning.**

(a) The Agent shall have the power to make additions and transfer assets to any and all revocable living trusts of which the Principal is or becomes a settlor.

(b) The Agent shall have the power to continue any established pattern of making gifts, grants, or other transfers without consideration to or for the benefit of the Principal's descendants or a charitable organization, or any one or more of them, either outright or in trust, including (1) annual gifts to the full extent of the federal annual gift tax exclusion then in effect under Internal Revenue Code Section 2503(b); (2) direct payments to the provider for tuition and medical expenses under Internal Revenue Code Section 2503(e); and (3) charitable pledges.

(c) The Agent shall have the authority to exercise, in whole or in part, release, or let lapse any power the Principal may have under any trust whether or not created by her, including any power of appointment, revocation, or withdrawal, but a trust created by the Principal may only be modified or revoked by the Agent if permitted in the trust instrument.

**5.4 Digital Assets.**

(a) To Access and Manage Digital Assets. To access, use, control, modify, copy, transfer and delete information from all of my digital or virtual devices (including, but not limited to, desktops, laptops, tablets, peripherals, telephones, personal digital assistants, smartphones or other devices that exist or that may come into existence as technology develops) in order to access, use, control, modify, copy, transfer and delete my digital and virtual assets and accounts (including, but not limited to, email received, email sent, email accounts, music, pictures, account credits, videos, software licenses, social network accounts, file sharing accounts, financial and retirement accounts, virtual money, domain names and registrations, DNS service accounts, web hosting accounts, tax return accounts, online stores and commercial ventures, or other digital accounts and storage that may exist or that may come into existence as technology develops); to obtain, change, use, access, modify, delete, and control my user names, passwords and other electronic credentials for digital devices, assets, and accounts, access my digital accounts (including email, social media, and financial accounts) protected by web-based logins and passwords; to have full online and electronic access to any of my accounts, including the content of any electronic communications, including all financial and retirement accounts, email accounts, social media accounts; to exercise all powers I may have over any digital assets or digital accounts, whether in my name or that I own or lawfully use jointly with anyone else; to access, manage, control, delete, and

terminate any such asset or accounts; to transfer or withdraw funds or other assets among or from such accounts and to open new accounts in my name; and to direct all persons or entities handling such data to deal with my Agent, even to the extent of compelling the provider to reset my information to data of my Agent's choosing. As used in this instrument, "digital or virtual device" means an electronic means of creating, generating, sending, receiving, communicating, storing, displaying, or processing information and "digital and virtual assets and accounts" means any asset or right created, generated, sent, received, communicated, or stored by electronic means or on an electronic device or on a system that delivers or stores electronic information.

(b) Consent. I consent to and authorize my Agent to access and manage, and consent to and authorize the disclosure and access by service providers and other third parties to my Agent of all of my digital accounts and assets, as is more particularly described in the above section "To Access and Manage Digital Assets", under the California Revised Uniform Fiduciary Access to Digital Assets Act, Electronic Communications Privacy Act of 1986, the Computer Fraud and Abuse Act of 1986, and all other state and federal data privacy and relevant criminal and civil laws.

## ARTICLE 6
## LIMITATION ON AUTHORITY OF AGENT

Notwithstanding the broad powers and authority granted to the Agent under ARTICLE 4, the following limitations shall apply. The Agent shall not take any actions under this Power of Attorney without first consulting with the Principal and obtaining her instructions and directions, provided she is physically and mentally capable of giving such instructions and directions. If she is physically and mentally capable of giving such instructions and directions, the Agent shall follow such instructions and directions, without any personal liability whatsoever.

## ARTICLE 7
## LIMITATION ON LIABILITY OF AGENT

Notwithstanding any other provision of this Power of Attorney, neither the initial Agent nor any alternate or successor Agent shall incur any liability to the Principal or her estate, heirs, beneficiaries, successors, or assigns for acting or refraining to act under this Power of Attorney in good faith, except where the Agent's actions constitute willful misconduct or gross negligence. Neither the Agent nor any successor Agent shall have any duty or responsibility to take any actions authorized or exercise any powers

granted under this Power of Attorney without specific directions or instructions from the Principal, or to make any of the Principal's assets productive of income, to increase the value of the Principal's property and estate, to diversify the Principal's investments, or to enter into any other transactions authorized by this Power of Attorney. The Principal acknowledges that no person serving as her Agent is, by serving in such capacity, thereby assuming any duty or responsibility whatsoever for the management, administration, protection, preservation, or investment of the Principal's property.

## ARTICLE 8
## RATIFICATION OF ACTIONS

The powers conferred on the Agent by this Power of Attorney are exercisable by the Agent alone. The signature of the Principal's Agent under the authority granted in this Power of Attorney may be accepted by any third party or organization as fully authorized by the Principal and with the same force and effect as if the Principal were personally present, competent, and acting on her own behalf. The Principal hereby ratifies and confirms all that the Agent, or her successors or substitutes, shall do or cause to be done by virtue and authority of this Power of Attorney and the rights and powers granted herein. The Principal further confirms that each and every action taken by the Agent under this Power of Attorney shall be binding upon the Principal and her estate, heirs, beneficiaries, successors, and assigns.

## ARTICLE 9
## RELIANCE BY THIRD PARTIES

In order to induce reliance by third parties on this Power of Attorney, it is agreed and understood that no person or organization who relies on the authority of the Agent under this Power of Attorney or any representation the Agent makes regarding her authority, shall incur any liability to the Principal, her estate, heirs, beneficiaries, successors, or assigns because of such reliance on this Power of Attorney or on any such representation by the Agent, including, but not limited to: (1) the fact that this Power of Attorney has not been revoked; (2) that the Principal was competent to execute this Power of Attorney; or (3) the authority of the Agent under this Power of Attorney. The Principal's estate, heirs, beneficiaries, successors, and assigns will hold such party or parties harmless from any loss suffered or liability incurred because of such reliance. Any third party receiving a duly-executed copy or photocopy of this Power of Attorney may act in reliance on such copy or photocopy. A copy of this document has the same effect as the original. Any revocation or termination of this Power of Attorney, by operation of law or otherwise, shall not be effective as to such third party unless and until such third party receives actual notice or knowledge of the Principal's death or such revocation or termination.

## ARTICLE 10
## ACCESS TO INFORMATION AND RECORDS

Any third party from whom the Agent may request information, records, or other documents regarding the Principal's personal affairs is authorized and directed to release and deliver all such information, records, or documents to the Agent. As to the Agent, the Principal hereby waives any and all privileges that may apply to the release of such information, records, or other documents.

## ARTICLE 11
## TERMINATION

Unless earlier revoked by the Principal, this Power of Attorney shall terminate on the Principal's death, and her assets shall be distributed to the duly appointed personal representatives of her estate; or, if no estate is being administered, to the persons who lawfully take her assets without the necessity of administration, when they have supplied the Principal's Agent with satisfactory documents as provided by law.

## ARTICLE 12
## DECLARATION BY PRINCIPAL

The Principal declares that she has read this durable Power of Attorney, and understands its importance. The Principal recognizes that SUSAN FORMAN, as the Principal's Agent, is granted broad power to hold, administer, and control her property. The Principal also recognizes that this durable Power of Attorney will become effective immediately on execution and will continue indefinitely until revoked by her or terminated by her death, even if the Principal later becomes incapacitated.

IN WITNESS WHEREOF, the undersigned has caused this Power of Attorney to be executed as of February 14, 2024.

Jasmine Forman

______________________
**JASMINE FORMAN**

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF RIVERSIDE

On February 14, 2024, before me, Linda S Levitt, Notary Public, personally appeared JASMINE FORMAN, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature [signature] (Seal)

LINDA S. LEVITT
Notary Public - California
Los Angeles County
Commission # 2329697
My Comm. Expires Jul 13, 2024